1   Sevan Gobel (SBN: 221768)
    sgobel@lbbklaw.com
2   LAGASSE BRANCH BELL + KINKEAD LLP
    626 Wilshire Blvd., Suite 1000
3   Los Angeles, CA 90017
    Telephone:  (213) 817-9152
4   Facsimile:  (213) 817-9154

5   Attorneys for Defendant
    COSTCO WHOLESALE CORPORATION
6

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  LEE MIR, an individual,                    )  **CASE NO.**
                                               )
12                     Plaintiff,              )
                                               )
13         vs.                                 )  **DEFENDANT COSTCO**
                                               )  **WHOLESALE CORPORATION**
14  COSTCO WHOLESALE                           )  **NOTICE OF REMOVAL TO THE**
    CORPORATION; AND DOES 1-50                 )  **UNITED STATES DISTRICT**
15  INCLUSIVE,                                 )  **COURT FOR THE CENTRAL**
                                               )  **DISTRICT OF CALIFORNIA**
16                     Defendants.             )  **PURSUANT TO 28 U.S.C. §§ 1332,**
                                               )  **1441(b)**
17                                             )
                                               )  [Filed Concurrently with the
18                                             )  Declaration of Sevan Gobel and
                                               )  Notice of Interested Parties]
19                                             )
                                               )  State Action filed: 07/06/2021
20                                             )
                                               )
21  _____        )

22  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR**

23  **THE CENTRAL DISTRICT OF CALIFORNIA:**

24         PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE

25  CORPORATION ("COSTCO"), hereby invokes this Court's jurisdiction under the

26  provisions of 28 U.S.C. sections 1332 and 1441(b) and removes Case No.

27  21STCV39242 (the State Court Action) from the Superior Court of the State of

28  California, County of Los Angeles.

_Sidebar (rotated):_ **LAGASSE BRANCH BELL + KINKEAD LLP**  626 Wilshire Blvd, Suite 1000  Los Angeles, CA  90017

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

## I.    PLEADINGS AND PROCEEDINGS TO DATE

1.     On October 25, 2021, the State Court Action was commenced in the Superior Court of the State of California in and for the County of Los Angeles under Case No. 21STCV24791. In the State Court Action, Plaintiff LEE MIR set forth a cause of action for Negligence against Defendants COSTCO WHOLESALE CORPORATION and DOES 1 through 50.

2.     On January 28, 2022, Plaintiff served COSTCO with the Summons and Complaint in the State Court Action. True and correct copies of the Summons, Complaint, Civil Case Cover Sheet and Civil Case Cover Sheet Addendum are attached as Exhibit A to the Declaration of Sevan Gobel (Gobel Decl.) filed concurrently herewith. Gobel Decl. ¶ 3.

3.     On February 10, 2022, COSTCO filed and served an Answer to the Complaint in the State Court Action. A true and correct copy of COSTCO's Answer is attached as Exhibit B to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 4.

4.     Plaintiffs' Complaint is silent as to the amount in controversy or monetary damages. Gobel Decl. ¶ 5; see Complaint, _passim_ (Gobel Decl., Exhibit A).

5.     On January 28, 2022, Plaintiff served a Statement of Damages on Defendant. A true and correct copy of Plaintiff's Statement of Damages is attached as Exhibit C to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 6.

## II.    TIMELINESS OF REMOVAL

6.     When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained the case is subject to removal. 28 U.S.C. § 1446(b)(3).

/ / /

NOTICE OF REMOVAL OF STATE COURT ACTION
PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)

7.      Here, COSTCO learned on January 28, 2022, the amount in controversy exceeded the requirement for Federal diversity jurisdiction, as Plaintiff's Statement of Damages states that she is seeking $300,000 in combined special, general and punitive damages. Gobel Decl. ¶ 6; Exhibit C.

8.      As such, this Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by COSTCO of an "other paper" (i.e., Plaintiff's Statement of Damages) on January 28, 2022, from which it could first be ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b), and within one year of the filing of the Complaint.

### III.     DIVERSITY JURISDICTION

9.      Diversity is present when an action is between citizens of a state and citizens or subjects of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332.

10.      Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Court Action's commencement. See Mann v. City of Tucson, 782 F.2d 790, 794 (9th Cir. 1986).

11.      To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1099, 1090 (9th Cir. 1983).

12.      For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

13.      Defendant COSTCO both at the time this action was commenced and at the time it was removed to Federal Court, is a citizen of the State of Washington within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Washington, and a citizen of the State of

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

Washington because its corporate headquarters and principal executive offices, and thus its principal place of business, are located in Issaquah, Washington. Gobel Decl. ¶ 7.

14.     Defendants DOES 1 to 50 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a); <u>Newcombe v. Adolf Coors Co.</u>, 157 F.3d 686, 690-91 (9th Cir. 1998).

15.     Based on informant and belief, Plaintiff is a citizen of the State of California and a resident of the County of Los Angeles. <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

16.     As such, there is complete diversity of citizenship because this action is brought between citizens of different states under the definition of 28 U.S.C. § 1332.

## IV.   AMOUNT IN CONTROVERSY

17.     Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. <u>Sanchez v. Monumental Life Ins. Co.</u>, 95 F.3d 856, 860-61 (9th Cir. 1996).

18.     In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. <u>Kenneth Rothschild Trust v. Morgan Stanley Dean Witter</u>, 199 F.Supp.993, 1001 (C.D. Cal. 2002), citing <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and <u>Angus v. Shiley Inc.</u>, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and

1   facts set forth herein may appropriately be considered in determining whether the

2   jurisdictional amount in controversy is satisfied. <u>Cohn v. Petsmart, Inc.</u>, 281 F.3d

3   837, 843 n.1 (9th Cir. 2002), citing <u>Willingham v. Morgan</u>, 395 U.S. 402, 407 n.3

4   (1969).

5        19.   In this case, Plaintiff's Complaint alleges that Plaintiff suffered

6   injuries when she fell on the premises of the COSTCO's retail store located in Los

7   Angeles, California on or about July 9, 2019. Complaint, ¶¶ 9 and 10; Gobel Decl.,

8   Exhibit A.

9        20.   Plaintiff's Statement of Damages states that she is seeking $300,000

10   in combined special, general and punitive damages. Gobel Decl. ¶ 6; Exhibit C.

11        21.   As such, the amount in controversy as to Plaintiff's claims exceeds the

12   jurisdictional amount of $75,000.

13   **V.    VENUE**

14        22.   Venue of the State Court Action lies in the United States District

15   Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and

16   1391(c) because this is the judicial district of this Court in which the action arose

17   and where the causes of action arose.

18        23.   COSTCO will provide written notice of the filing of this Notice of

19   Removal to adverse parties as required by 28 U.S.C. section 1446(d) and will file a

20   copy with the Clerk of Court of the Superior Court of California, County of Los

21   Angeles. Gobel Decl. ¶ 11.

22        24.   COSTCO is currently represented by the undersigned attorney and

23   agrees to this Notice of Removal.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA  90017

1        WHEREFORE, Defendant COSTCO removes the above-entitled action now

2  pending in the Superior Court of the State of California for the County of Los

3  Angeles to this Court, and that this Court assume full jurisdiction over this action

4  as provided by law.

5

6  Dated: February 14, 2022          LAGASSE BRANCH BELL + KINKEAD LLP

7

8

9                    By: _____

                        Sevan Gobel

10                    Attorneys for Defendant

                    COSTCO WHOLESALE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28