JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01010-MCS-RAO | Date | April 8, 2022 |
| Title | Mir v. Costco Wholesale Corp. | | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DISMISSING ACTION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(B) (JS-6)

The Court issued an order setting a Scheduling Conference for April 11, 2022. The Court required the parties to confer on a discovery plan no later than March 21, 2022, and to submit a Joint Rule 26(f) Report no later than March 28, 2022. (Order Setting Scheduling Conference, ECF No. 8.) On March 28, 2022, Defendant submitted a unilateral report indicating Plaintiff's counsel failed to respond to Defendant's requests to schedule a Rule 26(f) conference. (Def.'s Rule 26(f) Report, ECF No. 9.) The Court ordered Plaintiff to show cause why sanctions should not be imposed for failure to prosecute, failure to comply with the Court's Order Setting Scheduling Conference, and failure to comply with the Court's rules governing Rule 26(f) conferences. The Court warned that dismissal could be imposed for Plaintiff's inaction. (OSC, ECF No. 10.) Plaintiff failed to file a timely response to the OSC.

The Court exercises its discretion to dismiss the case without prejudice. Fed. R. Civ. P. 41(b); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (reviewing courts' authority to dismiss for failure to prosecute). Dismissal is a "harsh penalty" that "should only be imposed in extreme circumstances." *Ferdik*, 963 F.2d at 1260. Courts must consider five factors before dismissing a case under Rule 41(b): "(1) the public's

interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Applied Underwriters, Inc. v. Lichtenegger*, 913 F.3d 884, 890 (9th Cir. 2019) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

Having considered these factors, dismissal is warranted for failure to prosecute and failure to comply with the Court's Order Setting Scheduling Conference and OSC. The public's interest in expeditious resolution of litigation and the Court's interest in docket management both favor dismissal, as Plaintiff's inattentiveness to both the Order Setting Scheduling Conference and OSC indicates a lack of diligence in prosecuting the case without delay. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."). The risk of prejudice to Defendant marginally favors dismissal because Defendant may be unfairly prejudiced by any further delays by Plaintiff. *See Yourish*, 191 F.3d at 991 (noting that risk of prejudice to defendant is related to plaintiff's reason for noncompliance with court order). Although the public policy favoring disposition on the merits weighs against dismissal, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Allen v. Bayer Corp. (In re Phenylpropanolamine (PPA) Prods. Liab. Litig.)*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotation marks omitted). Finally, the Court warned Plaintiff that her failure to prosecute and failure to comply with court orders could result in dismissal, "satisfy[ing] the consideration of alternatives requirement." *Ferdik*, 963 F.2d at 1262; *accord Allen*, 460 F.3d at 1229.

The case is dismissed without prejudice. This Order shall constitute notice of entry of judgment pursuant to Federal Rule of Civil Procedure 58. Pursuant to Local Rule 58-6, the Court orders the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.

**IT IS SO ORDERED.**